UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOBBI J. MANNING and RYAN MANNING, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-00197-JMS-DML |
| | ) | |
| ELTON W. KENNEDY and COOPER TRUCK LINE, INC., | ) ) | |
|     *Defendants*. | ) | |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Defendants Cooper Truck Line, Inc. ("Cooper") and Elton W. Kennedy filed a Notice of Removal on February 4, 2013 in which they allege that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). [Dkt. 1 at 3, ¶ 13.] Specifically, Cooper and Mr. Kennedy allege that: (1) Plaintiffs are "an adult married couple residing in Greene County, Indiana, and are therefore citizens of Indiana," [*id.* at 1, ¶ 2]; (2) Mr. Kennedy is "a resident of the State of Mississippi…and is a citizen of Mississippi," [*id.* at 1, ¶ 3]; (3) Cooper is a Mississippi corporation with its principal place of business in Mississippi, [*id.* at 2, ¶ 4]; (4) "the amount in controversy for the claim of Plaintiff Bobbi J. Manning exceeds $75,000" [*id.* at 3, ¶ 12]; and (5) "[a]lthough Plaintiff Bobbi Manning represents in her Response to Defendants' Request for Admissions that the amount in controversy for the claim of Plaintiff Ryan Manning does not exceed $75,000, this Court shall have supplemental jurisdiction under 28 U.S.C. § 1367(a) over the loss of consortium claim of Plaintiff Ryan Manning because it allegedly arises out of his loss of companionship, society, services and consortium of his wife, Plaintiff Bobbi J. Manning due to the

injuries that she allegedly suffered in the Accident, and is therefore so related to Plaintiff Bobbi J. Manning's claim that they form part of the same case or controversy," [*id.* at 3, ¶ 14].[1]

Local Rule 81-1(b) applies to diversity removals, and provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

Counsel is reminded that the Court's Local Rules "have the force of law" and must not be disregarded. *Link v. Wabash R. Co.*, 291 F.2d 542, 545 (7th Cir. 1961). Furthermore, the Court notes that Local Rule 81-1(b) and its counterpart for removing parties, L.R. 81-1(a), have been designed for an important purpose: to help counsel fulfill their "professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations," *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). To date, Plaintiffs have failed to file the statement required under Local Rule 81-1(b).

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *id.*, and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on the Notice of Removal, and because Plaintiffs failed to file a Local Rule 81-1 Statement, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

---

[1] The State Court Complaint does not contain any allegations regarding the parties' citizenships or the amount in controversy. [Dkt. 1-1 at 1-6.]

Accordingly, the Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 18, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs.  The parties are specifically reminded that: (1) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; and (2) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added) – a statement missing from the Notice of Removal.  The joint jurisdictional statement should also address whether the Court can exercise supplemental jurisdiction over the claims of Plaintiff Ryan Manning, as the parties appear to disagree regarding that issue.[2]  If the parties cannot agree on their respective citizenships, the amount in controversy, or whether the Court can exercise supplemental jurisdiction over Mr. Manning's claims, any party who disagrees shall file a separate jurisdictional statement by **March 18, 2013** setting forth its views on those issues.  The joint jurisdictional statement, or the competing jurisdictional statement, shall satisfy Plaintiffs' obligations under Local Rule 81-1.

---

[2] *See, e.g.*, dkt. 1-1 at 89 (reflecting that: (1) in response to Request for Admission 1, which asked Plaintiffs to admit that "your claim in the above-captioned lawsuit does not exceed the value of $75,000 exclusive of interest and costs," Ms. Manning stated "[d]enied because my claim exceeds $75,000 [but a]dmitted to the extent the amount in controversy of my spouse's loss of consortium claim does not exceed $75,000"; and (2) in response to Request for Admission 2, which asked Plaintiffs to admit that "all claims alleged in the above-captioned lawsuit do not exceed the value of $75,000 exclusive of interest and costs," Ms. Manning stated "[e]ach claim must meet the federal amount in controversy threshold….The value of one claim exceeds $75,000 and the value of the other claim does not").

- 4 -

03/07/2013

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Angela S. Cash
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
acash@scopelitis.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com

Bradford James Smith
KEN NUNN LAW OFFICE
bjsmith@kennunn.com